PER CURIAM.
Defendant Crutcher has appealed the trial court’s conclusion that “. . . there is no merit to the reconventional demand by Crutcher against Bordelon”. We agree with the trial court.
The basis for the reconventional demand essentially was that plaintiff Bordelon violated an agreement, as well as a fiduciary relationship, with defendant Crutcher by attending a State Lease Sale and causing a bid to be made for a State lease on Chan-deleur Sound Block 73 against Humble and defendant Crutcher through a broker named H. Gary Small. At the Lease Sale, the State lease on Block 73 was awarded to the broker Small who, defendant alleged, was the agent of Louisiana Southern Oil & Gas Corporation, a corporation actually owned by plaintiff Bordelon. The interest in that lease, hereinafter referred to as State Lease 4310, eventually was assigned to others.
Although Crutcher went to the described State Lease Sale he chose not to make a bid. Consequently, he could not have been damaged by Bordelon even if the latter, as alleged, acquired control of Lease 4310 by means of a bid. And even if it were possible for Crutcher to have been damaged in such a manner, the damages necessarily would be purely speculative because this particular lease proved unsuccessful. It ul *1115 timately produced, as the testimony indicated, “four or five dry holes”.
Consequently, as a basis for a claim for damages, defendant Crutcher’s reconven-tional demand is not supported by the record.
The judgment of the trial court, ruling in favor of the defendant Crutcher with regard to the main demand has been affirmed. The judgment of the trial court, dismissing Crutcher’s reconventional demand, is also affirmed.
AFFIRMED.